FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 18, 2026

SEAN F. MCAVOY, CLERK

PS 42
(Rev 07/93)

# United States District Court

## Eastern District of Washington

| | | |
|---|---|---|
| **United States of America** | ) | |
| | ) | |
| **vs** | ) | |
| | ) | |
| **GONZALES, David II** | ) | **Case No.** 1:26CR02007-SAB-1 |

## CONSENT TO MODIFY CONDITIONS OF RELEASE

I, GONZALES, David II, have discussed with Linda Leavitt , Pretrial Services/Probation Officer, modification of my release as follows:

On July 8, 2026, Mr. Gonzales appeared before the Honorable Alexander C. Ekstrom, United States Magistrate Judge for a pretrial release revocation hearing. Based on Mr. Gonzales' drug use, he entered inpatient treatment at Sundown M. Ranch on June 13, 2026, and successfully completed July 8, 2026. He was granted continued release on pretrial supervision, however, the Court imposed three additional special conditions to include Location Monitoring with Global Satellite Positioning (GPS), Home Incarceration and Stand-Alone Monitoring.

Mr. Gonzales has now been under location monitoring since July 9, 2026. He has had no violations. He attends outpatient treatment as directed at Barth and Associates, he is residing in a clean and sober house and has submitted negative drug tests since his completion of inpatient treatment. This officer respectfully requests the removal of special conditions 9, 10, and 12 (ECF No. 30).

Removal of the following special conditions:

**Special Condition #9:** GPS Monitoring: Defendant shall participate in a program of GPS location monitoring. Defendant shall wear, at all times, an electronic device under the supervision of the United States Probation/Pretrial Services Office. In the event Defendant does not respond to location monitoring or cannot be found, the United States Probation/Pretrial Services Office shall forthwith notify the United States Marshals Service, who shall immediately find, arrest, and detain the defendant. Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the United States Probation/Pretrial Services Office. Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any location monitoring that is required as a condition of release.

**Special Condition #10:** Home Incarceration: While not residing at an Oxford House, Defendant shall be restricted to his approved residence at all times, except for medical necessities, substance use and mental health treatment evaluations and sessions, attorney meetings, court appearances, Oxford House interviews, or other activities specifically approved by the Court.

**<u>Special Condition #12</u>**: Stand-Alone Monitoring: While residing at an Oxford House, Defendant shall participate in the location monitoring program in order to verify compliance with any court-imposed conditions of supervision. Defendant has no residential component (curfew, home detention, or home incarceration) restrictions. However, Defendant must comply with the location or travel restrictions imposed by the Court.

I consent to this modification of my release conditions and agree to continue to abide by Court ordered pretrial release conditions.

| | | | |
|---|---|---|---|
| [signature] | 11 Sep 26 | [signature] | 9/14/2026 |
| Signature of Defendant | Date | Pretrial Services/Probation Officer | Date |
| Gonzales, David II | | Linda Leavitt | |

I have reviewed the conditions with my client and concur that this modification is appropriate.

| | |
|---|---|
| [signature] | 11 Sep 26 |
| Signature of Defense Counsel | Date |
| Nicholas Paul Granath | |

[X] The above modification of conditions of release is ordered, to be effective on 9/18/2026

[ ] The above modification of conditions of release is not ordered.

| | |
|---|---|
| [signature] | 9/18/2026 |
| Signature of Judicial Officer<br>The Honorable Alexander C. Ekstrom<br>United States Magistrate Judge | Date |