FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
Nov 23, 2026
SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

DAVID JESSE GONZALES, II,

Defendant.

No. 1:26-CR-02007-SAB-1

ORDER FOLLOWING POST-CONVICTION PRESENTENCE RELEASE REVOCATION HEARING, REVOKING PRETRIAL RELEASE, AND DETAINING DEFENDANT

**ECF No. 49**

On Wednesday, November 18, 2026, Defendant appeared for a pretrial release revocation hearing pertaining to a petition filed on November 3, 2026, (ECF No. 41, Violation Nos. 1–2). Defendant was represented by court-appointed attorney Nicholas Granath. Assistant United States Attorney Courtney Pratten represented the United States.

Defendant is alleged to have committed Violation Nos. 1 and 2, which allege he violated Standard Condition No. 8 and Special Condition No. 5 by consuming fentanyl. ECF No. 41.

Defendant requested his release for entry into inpatient treatment pending his sentencing set on December 2, 2026. Both the United States and United States Probation opposed.

A defendant “who has been found guilty of an offense and who is awaiting

imposition or execution of sentence . . . [shall] be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." 18 U.S.C. § 3143(a)(1). On August 31, 2026, Defendant entered a plea agreement, and his plea was accepted by Chief Judge Bastian. ECF No. 37. The United States did not change their position on detention, thus Defendant was released under the prior conditions imposed. *Id.*; *see also* ECF No. 34. Technically, Judge Bastian completed an analysis under 18 U.S.C. § 3143 and released Defendant on 18 U.S.C. § 3142 conditions, therefore the revocation analysis is conducted under 18 U.S.C. § 3148 as discussed below.

A defendant who violates a condition of pretrial release "is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). Judicial officers are directed to use a two-prong analysis when determining whether to revoke and detain or to continue and release.

First, the judicial officer shall determine whether there is either (A) "probable cause to believe that the person has committed a Federal, [Tribal,] State, or local crime while on release," or (B) "clear and convincing evidence that the person has violated any other condition of release." § 3148(b)(1).

Second, the judicial officer shall determine whether (A) "based on the factors set forth in section 3142(g) of this title, there is no condition or combination

of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community," or (B) "the person is unlikely to abide by any condition or combination of conditions of release." § 3148(b)(2).[1]

Here, as to the first prong, based on the petition and report, the Court found that Violation Nos. 1 and 2 were committed. *See* ECF Nos. 41, 42. The Court finds Defendant violated the terms of pretrial release, thus satisfying the first prong of the analysis.

As to the second prong, this Court is incredibly concerned by Defendant's prior conduct. Defendant was initially released on conditions after his arraignment. *See* ECF No. 10. This Court recalls warning Defendant that he would be under a microscope while released on conditions. On July 8, 2026, Defendant had an initial appearance for his first set of pretrial release violations. ECF No. 23. Defendant was released to his mother's home pending placement at an Oxford House, and the United States did not seek detention. ECF No. 30.

On September 18, 2026, after Defendant had pled guilty before Judge Bastian, this Court granted a joint request to modify Defendant's conditions of

---

[1] The alternative finding that a defendant is unlikely to comply with available release conditions need only be established by a preponderance of the evidence. *See United States v. Gotti*, 794 F.2d 773, 777 (2d Cir. 1986).

release, thus getting rid of Defendant's location monitoring.[2] ECF No. 38. The Court recognizes that approving this modification was a mistake and that Defendant needed those guardrails. At this point, Defendant needs a consequence for his actions and not another shot at treatment. Defendant lost any possibility of release when he played games with his urinalysis while he was back in the holding cell after his initial appearance on November 4, 2026. Defendant needs to rebuild and maintain a better relationship with United States Probation because after sentencing, he cannot play the games he has been attempting to play when he is required to do urinalysis as a supervised release condition.

Therefore, after evaluating the factors set forth in 18 U.S.C. § 3142(g) the Court finds that no conditions or combination of conditions can presently be crafted to assure that Defendant will not flee or pose a danger to any individual or the community. Furthermore, the Court finds that even if conditions or a combination of conditions could be crafted, Defendant is unlikely to abide by them.

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion (**ECF No. 49**) is **GRANTED IN PART AND DENIED IN PART**.[3]

---

[2] Special Conditions 9, 10, and 12 imposed at ECF No. 30 were removed.

[3] Defendant's motion requested that he be able to withdraw his denial of the

2. Defendant's conditions of pretrial release are **REVOKED**.

3. Defendant shall be held in detention pending disposition of this case or until further order of the Court. Defendant is committed to the custody of the Attorney General for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to the United States Marshals Service for the purpose of an appearance in connection with a court proceeding.

4. Any motion to reopen the issue of detention pursuant to 18 U.S.C. § 3142(f) shall be a maximum of four-pages in length, absent a motion showing good cause for an extension, and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is

---

violations and convert the hearing into a hearing on his continued release. As discussed above, the Court allowed Defendant to withdraw his denials. The Court detained Defendant, thus the portion of the motion requesting his release is denied.

requested. If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument. For any motion that includes a plan for substance abuse treatment, Defendant shall attach completed waivers of confidentiality permitting the United States Probation/Pretrial Services Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment, and performance in the program. **Motions in Yakima and Spokane cases shall be heard on the following Wednesday docket**, **and Richland cases shall be heard on the following Thursday docket.** If the Court determines that oral argument is unnecessary on the motion, it shall be set for decision on the Court's 6:30 docket.

\\

\\

\\

\\

\\

\\

5. If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall immediately notify the Magistrate Judge and opposing counsel. LCrR 46(k)(1). The party shall then promptly file a motion for review before the assigned District Judge. LCrR 46(k)(3). If the case has not yet been assigned to a District Judge, or the assigned District Judge is unavailable, the motion shall be noted for hearing before the Chief District Judge. *Id.*

**IT IS SO ORDERED.**

DATED November 23, 2026.

ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE